UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Oscar Gabriel PERAZA,<br><br>Defendant | Magistrate Docket No. '08 MJ 1829<br><br>08 JUN 12 AM 9:50<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **June 10, 2008**, within the Southern District of California, defendant, **Oscar Gabriel PERAZA**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 12th DAY OF JUNE, 2008.

Ruben B. Brooks
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

On June 10, 2008, Border Patrol Agent G. Suarez was performing intelligence-gathering duties near Jacumba, California. Agent Suarez was working in plain-clothes and was driving an unmarked agency vehicle. At approximately 9:30 PM, Agent Suarez observed a large sport utility vehicle (SUV) make a u-turn on the Interstate 8 (I-8) in the center median. These turn outs are typically designated for emergency vehicles. Alien and narcotic smugglers will utilize emergency vehicle turn outs to evade any type of detection of their illegal activity. This is usually done after their illicit cargo has been picked up or to perform counter surveillance against any type of law enforcement. Boulevard Agents commonly refer to the turn out near call box 707 as the 808 turn out.

Agent Suarez asked if any Agent was available in the area to respond. Agent A. Djokich responded to the area and observed the vehicle traveling eastbound on I-8. Agent Djokich contacted San Diego Sector dispatch via his DHS agency radio and requested a stolen vehicle/registration check on the Chevy's displayed California license plate. The Chevrolet Suburban has three releases of liability. and one pending master file with an expired registration. Smuggling organizations normally used vehicles that have a release of liability or are pending a master file to avoid being traced. The vehicle continued eastbound on I-8 at a low rate of speed onto the El Centro Sector area of operations.

Agent Djokich continued surveillance behind the Suburban. Agent Djokich advised the El Centro Sector dispatch that the vehicle was heading east toward their area of responsibility. He also requested a marked Border Patrol vehicle to perform a traffic stop. Supervisory Border Patrol Agent (SBPA) D. Elias responded to the call and requested to be notified when the vehicle passed the I-8 and Highway 98 split in Ocotillo, California. As the Suburban approached, SBPA Elias positioned himself behind the vehicle in order to do a vehicle stop. SBPA Elias advised El Centro Border patrol dispatch that he was going to initiate a vehicle stop on the Suburban with his emergency lights and siren. The vehicle did not yield but was successfully spiked approximately half a mile west of Dunaway Road. The vehicle continued onto the off ramp off Dunaway Road where the two occupants of the vehicle bailed out. Following a short foot pursuit, Agent Suarez and Agent F. Rivera apprehended both subjects. The identified themselves as United States Border Patrol Agents and performed an Immigration Inspection of both subjects. Both subjects including one later identified as the defendant **Oscar Gabriel PERAZA,** stated that they are citizens of Mexico present illegally in the United States. Both subjects were placed under arrest and transported back to the Boulevard Border Patrol Station for processing

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on April 7, 2008** through **San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.